STATE OF NORTH CAROLINA v. JOSEPH ROBERT HARRISON SURETY: BRAXTON
    D. EGGERS, Agent for International Fidelity Insurance Company JUDGMENT
    CREDITOR: Watauga County Board of Education

No. COA11-343

(Filed 6 December 2011)

**1. Bail and Pretrial Release—date of bond forfeiture—deferred prosecution agreement—final judgments**

A 24th District administrative order regarding deferred prosecution agreement cases in which no forfeiture of bond had been ordered by a court referred to final judgments of forfeiture. Thus, no forfeiture bond had been ordered in this case as of the date of the 18 August 2010 24th District administrative order, and the order applied to defendant's deferred prosecution agreement.

**2. Bail and Pretrial Release—applicability of pretrial release administrative order to district courts**

A district court judge did not err in a bond forfeiture case by failing to follow an administrative order regarding pretrial release

STATE v. HARRISON

[217 N.C. App. 363 (2011)]

applicable to counties within the senior resident superior court judge's district because there was no evidence of record that the senior resident superior court judge entered the administrative order in a manner consistent with N.C.G.S. § 15A-535(a) or after consultation with the chief district court judge.

Appeal by the surety from order entered 25 January 2011 by Judge R. Gregory Horne in Watauga County District Court. Heard in the Court of Appeals 29 September 2011.

*Eggers, Eggers, Eggers & Eggers, PLLC, by Stacy C. Eggers, IV, for surety-appellant.*

*Miller & Johnson, PLLC, by Nathan A. Miller, for judgment creditor-appellee.*

THIGPEN, Judge.

The senior resident superior court judge of the 24th Judicial District issued an administrative order regarding conditions of pretrial release applicable to counties within the senior resident superior court judge's district. The order was issued without consulting with the chief district court judge or other district court judges within the district. A district court judge within the judicial district did not follow the administrative order. We must decide whether the district court judge erred by not following the administrative order. We conclude that since the administrative order was issued in contravention of N.C. Gen. Stat. § 15A-535(a) (2009), the district court judge did not err.

The facts of this case are not disputed. On 18 February 2009, Joseph Robert Harrison ("Defendant") was charged with four misdemeanors in Watauga County. Defendant's bond was set at $2,500.00, and Braxton D. Eggers, the agent for the International Fidelity Insurance Company ("the Surety") executed a Surety Appearance Bond on his behalf. On 18 May 2009, Defendant entered into a deferred prosecution agreement with the following conditions: (1) Defendant was placed on unsupervised probation for twelve months; (2) Defendant was required to abide by the regular conditions of unsupervised probation; and (3) Defendant was required to pay court costs and fines in the amount of $308.50. Defendant failed to comply with the terms of the agreement to defer prosecution by failing to appear on 28 May 2010, and an order for his arrest was entered. On 4 June 2010, the Watauga County Clerk of Court's Office sent the Surety a bond forfeiture notice. On 25 October 2010, the Surety filed a

motion to set aside the forfeiture, attaching copies of an administrative order of the 24th Judicial District Senior Resident Superior Court Judge James L. Baker ("the 24th District administrative order"),[1] and an administrative order of Senior Resident Superior Court Judge Robert F. Floyd, Jr., and Chief District Court Judge J. Stanley Carmical in Judicial District 16B ("the District 16B administrative order"). Both orders decreed that "the obligations of a bondsman or other surety pursuant to any appearance bond for pretrial release are, and shall be, terminated immediately upon the entry of the State and the Defendant into a formal Deferred Prosecution Agreement[.]" The Surety's motion stated that the forfeiture must be set aside pursuant to N.C. Gen. Stat. § 15A-544.5(b)(2) (2009), which states that "a forfeiture shall be set aside" if "[a]ll charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record." The Watauga County Board of Education ("the Judgment Creditor") timely filed an objection to the Surety's motion.

On 25 January 2011, the district court entered an order denying the motion to set aside the forfeiture. From this order, the Surety appeals.

## I: Background

The 24th District administrative order in the matter of appearance bonds and deferred prosecution agreements is central to this appeal. The order decrees, in pertinent part, the following:

IT IS THEREFORE ORDERED:

1. *That the obligations of a bondsman or other surety pursuant to any appearance bond for pretrial release are, and shall be, terminated immediately upon the entry of the State and a Defendant into a formal Deferred Prosecution Agreement,* approved by a court, concerning the underlying criminal charges referred to in the Appearance Bond for Pretrial Release.

2. That this order shall be applied both prospectively and retroactively, as to Deferred Prosecution Agreement cases in which no forfeiture of bond has as of this date been ordered by a court.

---

1. Watauga County is in the 24th Judicial District.

3. That in such cases regarding Deferred Prosecution Agreements in which a forfeiture of bond has been ordered, sureties or bondsmen shall have the right to petition a court for appropriate remedy, and this order may be presented in support of the sureties' position.

4. That this order shall remain in effect indefinitely unless modified, amended, or vacated by future court order.

5. This order shall be effective from the date of execution. (Emphasis added)

The 24th District administrative order was signed by only the senior resident superior court judge. The order was not signed by the chief district court judge.

## I: Date of Forfeiture

[1] Preliminarily, we address the Judgment Creditor's contention that the date of forfeiture was 4 June 2010, and that 4 June 2010 is the applicable date to consider in the context of the 18 August 2010 24th District administrative order, which states, "this Order shall be applied both prospectively and retroactively, as to Deferred Prosecution Agreement cases in which no forfeiture of bond has as of this date been ordered by a court." The date of entry of forfeiture was 4 June 2010; however, the final judgment of forfeiture would have been 2 November 2010, had the Surety not filed a motion to set aside the forfeiture. *See* N.C. Gen. Stat. § 15A-544.6 (2009) (providing, "[a] forfeiture entered under G.S. 15A-544.3 becomes a final judgment of forfeiture without further action by the court and may be enforced under G.S. 15A-544.7, on the one hundred fiftieth day after notice is given under G.S. 15A-544.4, if: (1) No order setting aside the forfeiture under G.S. 15A-544.5 is entered on or before that date; and (2) No motion to set aside the forfeiture is pending on that date"). Moreover, the trial court did not enter an order on the Surety's 25 October 2010 motion to set aside forfeiture until 25 January 2011. Both the original date of final judgment of forfeiture, 2 November 2010, and the date of the trial court's denial of the Surety's motion to set aside forfeiture, 25 January 2011, were after the 18 August 2010 24th District administrative order. Therefore, to accept the Judgment Creditor's interpretation of the 24th District administrative order would be tantamount to denying the Surety the period of time to file a motion to set aside the forfeiture. We believe a proper interpretation of the 24th District administrative order is that the phrase—"as to Deferred Prosecution

Agreement cases in which no forfeiture of bond has as of this date been ordered by a court"—refers to final judgments of forfeiture. This did not occur until 25 January 2011. Therefore, no forfeiture of bond had been ordered as of the date of the 18 August 2010 24th District administrative order, and the 24th District administrative order applied to Defendant's deferred prosecution agreement.

## I: Applicability of Order to District Courts

**[2]**. On appeal, the Surety argues the district court erred by entering an order denying its motion to set aside the forfeiture for two reasons: (1) the district court's order is inconsistent with the 24th District administrative order regarding appearance bonds and deferred prosecution agreements, and "one trial level judge may not overrule another"; and (2) the district court erred by concluding an order to defer prosecution is not a final disposition for purposes of appearance bonds on pretrial release. We find neither of these arguments dispositive of the issue presented on appeal. Rather, because there is no evidence of record that Senior Resident Superior Court Judge James L. Baker entered the administrative order in a manner consistent with N.C. Gen. Stat. § 15A-535(a), we conclude the district court was not obligated to follow the administrative order in this case, and therefore did not err in failing to do so.

N.C. Gen. Stat. §§ 7A-41.1(c), 7A-146, and 15A-535(a) (2009) are pertinent to our analysis of the question presented in this case. N.C. Gen. Stat. § 7A-41.1(c) states, in pertinent part, the following:

(c) Senior resident superior court judges and regular resident superior court judges possess equal judicial jurisdiction, power, authority and status, but all duties placed by the Constitution or statutes on the resident judge of a superior court district, including the appointment to and removal from office, which are not related to a case, controversy or judicial proceeding and which do not involve the exercise of judicial power, shall be discharged, throughout a district as defined in subsection (a) of this section or throughout all of the districts comprising a set of districts so defined, for each county in that district or set of districts, by the senior resident superior court judge for that district or set of districts.

*Id.* Likewise, "[t]he chief district judge, subject to the general supervision of the Chief Justice of the Supreme Court, has administrative supervision and authority over the operation of the district courts and magistrates in his district." N.C. Gen. Stat. § 7A-146.

With regard to the senior resident superior court judge and the chief district court judge's roles in establishing the bond policy and conditions of pre-trial release, N.C. Gen. Stat. § 15A-535(a) states, in pertinent part, the following:

> [T]he senior resident superior court judge for each district or set of districts as defined in G.S. 7A-41.1(a) in consultation with the chief district court judge or judges of all the district court districts in which are located any of the counties in the senior resident superior court judge's district or set of districts, must devise and issue recommended policies to be followed within each of those counties in determining whether, and upon what conditions, a defendant may be released before trial and may include in such policies, or issue separately, a requirement that each judicial official who imposes condition (4) or (5) in G.S. 15A-534(a) must record the reasons for doing so in writing.

*Id.*

In this case the 24th District administrative order was modeled after the District 16B administrative order. In the District 16B administrative order, the order itself shows that the policy regarding deferred prosecution agreements was devised in "consultation with the chief district court judge[.]" N.C. Gen. Stat. § 15A-535(a). Chief District Court Judge J. Stanley Carmical's signature is on the order. However, there is no signature of the chief district court judge on the 24th District administrative order. While N.C. Gen. Stat. § 15A-535(a) does not require a signature of the chief district court judge, the statute expressly requires "consultation with the chief district court judge or judges of all the district court districts in which are located any of the counties in the senior resident superior court judge's district or set of districts[.]" *Id.* In this case, there is no evidence in the record of either. Because the evidence, or lack thereof, shows that the senior resident superior court judge did not comply with N.C. Gen. Stat. § 15A-535(a) when entering the 24th District administrative order, we believe the district court judge in this case was not obligated to follow it, and the order is not binding on district courts in the 24th Judicial District. We emphasize that nothing in this opinion precludes Senior Resident Superior Court Judge James L. Baker from entering a similar administrative order that complies with N.C. Gen. Stat. § 15A-535(a). However, we point out that the duty of the senior resident superior court judge to promulgate and issue policies pur-

suant to N.C. Gen. Stat. § 15A-535(a), is to be done after consultation with the chief district court judge.

AFFIRMED.

Judges GEER and STROUD concur.